UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 20-5880 MWF (MRWx) | Date | November 4, 2021 |
| Title | Howard v. Pearl | | |

| | |
|---|---|
| Present: | Hon. Michael R. Wilner, U.S. Magistrate Judge |

| | |
|---|---|
| Veronica Piper | n/a |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys for Plaintiff: | Attorneys for Defendant: |
| n/a | n/a |

**Proceedings:**   ORDER TO SHOW CAUSE RE: DISMISSAL

    1.    This is a civil action. Earlier this year, the Ninth Circuit remanded the action to this district court for further proceedings. (Docket # 20, 22.)

    2.    Judge Wilner promptly issued an order directing Plaintiff to submit an augmented IFP application – or pay the Court's filing fee – to allow the action to proceed. The order also directed Petitioner to address an obvious defect with his "breach of contract" cause of action in his original complaint. Significantly, Judge Wilner's order required Plaintiff to respond to the Court by October 18 or face dismissal of the action. (Docket # 21.)

    3.    Plaintiff failed to file anything in response to the Court's order. As a result, the Court does not have a basis to waive the filing fee, has not received payment from Plaintiff, and has no basis to allow the putative contract claim to proceed. More importantly, Plaintiff's failure to respond to the Court's order raises clear questions about his interest and ability to continue to litigate this case.

    4.    Therefore, Plaintiff is ordered to show cause why the action should not be dismissed. In the interests of justice for this unrepresented litigant, Plaintiff can discharge this OSC by filing a declaration explaining his failure to respond to the Court's order <u>and</u> a complete, substantive response that addresses the Court's earlier issues. Plaintiff's submission will be due by November 29.

    5.    A copy of the Court's earlier IFP order (Docket # 21) is attached to this order.

**Failure to comply with the terms of this order may result in a recommendation that the action be dismissed for failure to prosecute pursuant to Federal Rule of Civil Proc. 41(b). <u>Applied Underwriters, Inc. v. Lichtenegger</u>, 913 F.3d 884 (9th Cir. 2019).**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 20-5880 MWF (MRWx) | Date | September 23, 2021 |
|---|---|---|---|
| Title | Howard v. Pearl | | |

Present: The Honorable  Michael R. Wilner

| Veronica Piper | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None present | None present |

**Proceedings:** ORDER RE: IFP APPLICATION AND ADEQUACY OF AMENDED COMPLAINT

1. Plaintiff initiated a pro se lawsuit against various musical performers and entities. The majority of his claims sound in copyright infringement. Pursuant to the remand order of the Ninth Circuit Court of Appeals, the Court will evaluate at the appropriate stage whether Plaintiff properly stated a cause of action under the "separate-accrual rule." (Docket # 20.)

2. Before that, though, Plaintiff must demonstrate that: (a) he is eligible for IFP status as previously requested; and (b) he is entitled to pursue his cause of action for an alleged violation of 25 U.S.C. § 3116.

**IFP Application**

3. The declaration supporting Plaintiff's IFP application explains that Mr. Howard is employed on a part-time basis. Plaintiff disclosed minimal expenses, no assets, no bank accounts, and no dependents on his financial disclosure form. However, as of his 2020 application, Plaintiff was apparently a college student in New York. At present, his employment / student status is not known to the Court.

4. An IFP applicant "need not be absolutely destitute to obtain the benefit" of the waiver of the federal court filing fee. Jefferson v. United States, 277 F.2d 723, 725 (9th Cir. 1960). At the same time, a litigant must demonstrate "poverty with some particularity, definiteness, and certainty." Escobedo v. Applebees, 787 F.3d 1226, 1235 (9th Cir. 2015) (quotation omitted). That showing is satisfied if a plaintiff can demonstrate that he or she "cannot pay the court costs and still afford the necessities of life." Id. (citing Adkins v. E.I. DuPont de Nemours, 335 U.S. 331, 339 (1948).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-5880 MWF (MRWx) | Date | September 23, 2021 |
|---|---|---|---|
| Title | Howard v. Pearl | | |

5.     Mr. Howard's claim of property is incomplete. He disclosed only one week's worth of income by submitting a single pay stub. Also, given the passage of time, it is not known whether Plaintiff is still a student, working at a different job, or making more money. As a result, the Court has a real question about his claimed entitlement to IFP treatment and the "definiteness" of Plaintiffs' allegations of poverty. The Court therefore directs Plaintiff to submit a supplemental statement explaining in more detail his income, expenses, assets, and liabilities. The supplemental statement will be due by October 18. After that, the Court will evaluate the IFP request.

6.     Alternatively, Plaintiff may decide to abandon the IFP request and simply pay the filing fee. If he chooses to do so, that payment will also be due by October 18.

**Breach of Contract Cause of Action**

7.     A further issue. At the third cause of action in his amended complaint (Docket # 14 at 15), Plaintiff purports to assert a claim under 25 U.S.C. § 3116 that he titled "Obligated Service; Breach of Contract." The cause of action alleges a claim related to his dispute over an investment with various individuals in a "small publishing company." (Id. at 16.)

8.     The statute that Plaintiff cited in his amended complaint discusses enforcement of "an agreement for obligated service in return for financial assistance under any provision of this chapter." The chapter referenced is the provision of federal law that governs "demonstration projects by which federally recognized Indian Tribes or Tribal organizations may contract to perform administrative, management, and other functions of programs of the Tribal Forest Protection Act of 2004" within the Department of the Interior. 25 U.S.C. § 3115b.

9.     Whatever else the statute authorizes, it is unlikely that it governs a private investment dispute as pled in Plaintiff's complaint, or that this Court has jurisdiction over it. Plaintiff is ordered to show cause why this cause of action should not be dismissed for facially failing to state a claim. Plaintiff may discharge this OSC by submitting a memorandum (not to exceed 5 pages) explaining the plausible legality of the cause of action. That memorandum will also be due by October 18. Alternatively, Plaintiff may voluntarily dismiss the defective "breach of contract" allegation without further consequence.

\* \* \*

**Failure to file a timely submission as directed above will result in a recommendation that this action be dismissed for failure to prosecute and obey Court orders pursuant to**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 20-5880 MWF (MRWx) | Date | September 23, 2021 |
|---|---|---|---|
| Title | Howard v. Pearl | | |

**Federal Rule of Civil Procedure 41(b). <u>Applied Underwriters, Inc. v. Lichtenegger</u>, 913 F.3d 884 (9th Cir. 2019).**